# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
March 10, 2015 Session

## STATE OF TENNESSEE v. JERRY LEWIS TUTTLE

**Appeal from the Circuit Court for Maury County**
**Nos. 22091, 21695          Stella L. Hargrove, Judge**

---

**No. M2014-00566-CCA-R3-CD – Filed September 8, 2015**

---

ROGER A. PAGE, J., dissenting in part and concurring in part.

I concur with the majority's opinion in its affirmation of the trial court's forfeiture order. I respectfully disagree with the majority's conclusion that the affidavit supporting the search warrant was insufficient to establish probable cause. Instead, I would affirm the trial court's denial of appellant's motion to suppress and would conclude that the evidence was sufficient to support appellant's convictions.

In its opinion, the majority concludes that Trooper Boyd recklessly made false statements. However, the trial court, who heard Trooper Boyd's testimony about the affidavit, ruled that Trooper Boyd's statement in paragraph eighteen of the affidavit concerning the offloading of marijuana at appellant's residence was false but was not intended to mislead the court nor was it made recklessly. A trial court is entrusted with such credibility determinations in a suppression hearing, and this court should be loath to go behind such determinations. *See State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001) ("Questions about witness credibility and 'resolution of conflicts in the evidence are matters entrusted to the trial judge[.]'" (quoting *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). The majority also takes issue with Trooper Boyd's statement in the affidavit that the pinging of Cleto Medina's cellular telephone placed him in the same "location" in April as Christopher Tuttle's truck in March. It is clear that Medina and Christopher Tuttle were both on appellant's Dugger Road property, and the term "location," read in a common sense fashion, relays that information. *State v. Melson*, 638 S.W.2d 342, 357 (Tenn. 1982) ("[A]ffidavits must be looked at and read in a commonsense and practical manner.") I believe that the majority's interpretation of "location" is hypertechnical and

that Trooper Boyd's statement was not false. I would uphold the trial court's credibility findings with regard to Trooper Boyd's misstatement, and in so doing, I would conclude that his affidavit was facially valid.

In addition, I disagree with the majority's review of the reliability of Adrian Davis, the informant who told law enforcement that Christopher Tuttle's family was involved in the drug trafficking. This issue was not presented in the trial court and is therefore waived. *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). Moreover, the trial court did not include Adrian Davis's statement regarding the Tuttle family's involvement in its determination that a sufficient nexus existed between the criminal activity and the Tuttle property on Dugger Road.

The trial court ruled that a sufficient nexus existed between Christopher Tuttle's criminal activity and appellant's Dugger Road property based on the information that Christopher Tuttle and Cleto Medina could be placed on the property at times that law enforcement knew they were in the process of transacting large-scale drug exchanges. On March 16, 2012, law enforcement received information that Cleto Medina's brother Biato Jaramillo was traveling to Tennessee with a large quantity of drugs. Christopher Tuttle met Jaramillo at a gas station, Jaramillo followed him when they left the station, and Tuttle's vehicle was seen shortly thereafter at appellant's Dugger Road property. On April 2, 2012, Christopher Tuttle met Cleto Medina at a gas station, and Medina followed him when they left the station. Less than thirty minutes later, law enforcement received information from Cleto Medina's cellular telephone that placed Medina on Dugger Road. I conclude that this information provides a sufficient nexus between the drug trafficking operation and appellant's property on Dugger Road. The nexus to appellant's residence comes from Trooper Boyd's assertion in his affidavit that in his experience drug dealers will often keep evidence of their trafficking not only in their own homes but also in residences to which they have access. It is reasonable to infer that Christopher Tuttle had access to his father's residence. Thus, "the magistrate had a substantial basis for concluding that a search warrant would uncover evidence of wrongdoing" at appellant's residence. *See State v. Jacumin*, 778 S.W.2d 430, 432 (Tenn. 1989). "The finding of probable cause by the issuing magistrate is entitled to great deference." *Melson*, 638 S.W.2d at 357. Accordingly, I would affirm the trial court's denial of appellant's motion to suppress and uphold its judgments in all respects.

_____
ROGER A. PAGE, JUDGE

-2-